UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RICHARD BEAUCHEMIN, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-357-HAB-SLC |
| ALLEN COUNTY SHERIFFS, | |
| Defendant. | |

OPINION AND ORDER

Richard Beauchemin, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Beauchemin filed a two-page complaint regarding events that occurred at the Allen County Sheriff's hiring center in July 2018, but he does not indicate what happened on that day. He seeks monetary compensation for lost wages and other injuries he sustained, but he does not explain why he believes he is owed lost wages, what injuries he sustained, or why he believes either Allen County or the Allen County

Sheriff[1] is financially liable to him. Beauchemin also includes a narrow piece of paper with his complaint. Some of the words are incomplete. He references "Parnell Code" and a collision, but the court is unable to understand what Beauchemin is trying to communicate.

The complaint is short on facts, dates, and specifics about the events giving rise to this lawsuit. Based on what it does say, he has not stated a claim. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

---

[1] He has listed "Allen County Indiana Sheriffs" as a defendant.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Beauchemin may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). The clerk will send Beauchemin a blank prisoner complaint form. If he wishes to amend his complaint, he should complete each section of the form and clearly explain what happened, who he is suing and why he believes each defendant is liable to him. Additionally, he needs to write clearly and avoid writing near the margins of the paper as those areas are not visible once his documents are scanned. Once the form is completed, he should sign it and send it to the court.

As a final matter, the court notes that Beauchemin has sent eleven letters to the court in this case. Beauchemin is admonished that neither the clerk nor the undersigned is his pen pal; the court's role is to rule on requests contained in motions, not review letters. Beauchemin's amended complaint must contain all the facts he wishes the court to consider; he cannot supplement his complaint by filing letters with the court. Northern District of Indiana Local Rule 15-1 requires that complaints be amended by "reproduc[ing] the entire pleading as amended" and prohibits "incorporat[ing] any prior pleading by reference." Any request Beauchemin may have of the court must be presented in the form of a motion which clearly and concisely states the relief he is seeking and the reason he believes he is entitled to the relief sought.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to the plaintiff;

(2) GRANTS Richard Beauchemin until **February 14, 2023**, to file an amended complaint that addresses the concerns raised in this order; and

(2) CAUTIONS Richard Beauchemin that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on January 12, 2023.

s/Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT